Filed 5/21/15  P. v. Miller CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B260392 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA062022) |
| v. | |
| MICHAEL ANTHONY MILLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant and appellant Michael Miller of two counts of first degree robbery in violation of Penal Code section 211.[1]  The jury found true the allegation that defendant personally used a firearm in the commission of the robberies.  (§ 12022.53, subd. (b).)  The trial court found true the allegations that defendant suffered six prior felony convictions within the meaning of section 667, subdivision (a) and the "Three Strikes" law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and that he served four prison terms within the meaning of section 667.5, subdivision (b).  The trial court sentenced defendant to a term of 46 years to life in state prison.  We affirmed defendant's judgment on appeal.

Following the November 2012 passage of Proposition 36 and the enactment of section 1170.126, defendant filed a petition for writ of habeas corpus seeking resentencing under Proposition 36.  The trial court treated the habeas petition as a petition for a recall of defendant's sentence under section 1170.126 and denied the petition with prejudice because one (actually both) of defendant's current convictions was for first degree robbery which is a violent felony under section 667.5, subdivision (c)(9) making him ineligible for resentencing under section 1170.126.  (§ 1170.126, subd. (e)(2).)

On appeal, defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any arguable issues.  On February 26, 2015, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider.  Defendant did not file a responsive brief or letter.  We affirm.

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

# DISCUSSION[2]

The trial court properly denied defendant's petition for a recall of his sentence. Defendant was convicted of robbery. Robbery is a violent felony. (§ 667.5, subd. (c)(9).) A defendant serving a third strike prison term for a current violent felony conviction is ineligible for Proposition 36 resentencing. (§ 1170.126, subd. (e)(2).)

We have otherwise examined the entire record and are satisfied that defendant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.) Accordingly, we affirm the order.

# DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

GOODMAN, J.*

---

**2** We omit a recitation of the facts concerning defendant's underlying offenses as defendant's appeal is from an order denying a post-judgment petition for a recall of his sentence to which petition the facts of defendant's offenses were not relevant.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.